**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATA LONGSWORTH<br><br>Plaintiff<br><br>v.<br><br>CITGO PETROLEUM CORPORATION<br><br>Defendant | No. 26-cv-01978<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kata Longsworth ("Longsworth") sues Defendant Citgo Petroleum Corporation ("Citgo") for violating the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Illinois Worker's Compensation Act. Citgo moves to dismiss parts of Longsworth's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Longsworth failed to exhaust his administrative remedies for Counts I, II, and III. [19]. For the reasons stated herein, Citgo's motion to dismiss is denied.

## I. Background

The following factual allegations taken from the Amended Complaint are accepted as true for purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Longsworth worked as an operations technician at Citgo from November 28, 2022 until his termination on October 7, 2025. [16] at ¶¶ 16, 59. Longsworth suffers from physical impairments that limit his ability to bend, stoop,

kneel, and lift, but he was able to perform the essential functions of his job "with or without reasonable accommodations." *Id.* at ¶¶ 19, 21.

On or about December 18, 2024, Longsworth began FMLA leave to recover from disability-related flare-ups. *Id.* at ¶ 27. On February 12, 2025, Citgo's nurse practitioner, Marissa Sanchez, contacted Longsworth and stated that Citgo was "concerned about his job" due to his need for medical leave. *Id.* at ¶ 30. Later that day, someone from Citgo contacted Longsworth's doctor's office without his authorization and attempted to obtain private medical information beyond what was required to support his need for leave. *Id.* at ¶¶ 31, 32.

Upon his return to work on February 19, 2025, Longsworth was "met with isolation, insults, and scrutiny related to his medical restrictions from management." *Id.* at ¶¶ 34, 35. In addition, Longsworth's "fellow employees would berate him with insults and adverse treatment on a consistent basis." *Id.* at ¶ 36. Longsworth reported this treatment to his supervisor, but Citgo "failed to adequately address [his] reports of discriminatory conduct." *Id.* at ¶¶ 37, 38. On February 27, 2025, Longsworth "was retaliatorily placed on a 90-day probation suspension while on medical restrictions." *Id.* at ¶ 39. Longsworth returned to work on April 9, 2025, with the same medical restrictions, and was promoted based on positive job performance the following month. *Id.* at ¶¶ 40, 42.

On May 12, 2025, Longsworth filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). [1-1].[1] Longsworth alleged that "[t]hroughout [his] employment, [he] ha[d] been subjected to systemic discrimination on the basis of race, including a hostile work environment, unequal terms and conditions of employment, and the American with Disabilities Act (ADA)." *Id.* at 3. Longsworth alleged that his efforts to advance within the company were "stymied through opaque and shifting promotion standards, designed to deny Black employees advancement opportunities." *Id.*

In addition to complaints about a racially hostile work environment, Longsworth also alleged that Citgo's "representatives improperly sought private medical information beyond what [was] permissible" while he was on leave, and that he was "further harassed and isolated" after he returned from leave in February 2025. *Id.* Longsworth alleged that "management disclos[ed] [his] medical restrictions to coworkers and treat[ed] [him] as a liability rather than accommodating [his] disability as required under the ADA." *Id.* Longsworth alleged "[t]he cumulative actions by Citgo Petroleum constitute[d] discrimination based on race, retaliation for engaging in protected activity under the FMLA and ADA, and ongoing interference with [his] rights under federal law." *Id.*

On July 4, 2025, Longsworth was in a workplace accident. [16] at ¶ 43. Longsworth was taken to the hospital and treated for chemical exposure. *Id.* at ¶ 45.

---

[1] Although Plaintiff refers to Exhibit A and Exhibit B in his Amended Complaint, he failed to attach any exhibits. The Court has relied on Exhibit A and Exhibit B attached to the original Complaint. [1-1]; [1-2].

Sanchez met Longsworth at the hospital and admonished him for not waiting for her prior to seeking medical attention. *Id.* at ¶ 46. Sanchez told Longsworth that "if he sought medical care, it would be, 'on his dime.'" *Id.* at ¶ 47. The following day, Longsworth emailed the human resources department manager to inquire about his worker's compensation rights. *Id.* at ¶ 49. On July 7, 2025, Longsworth was "placed on an unpaid suspension pending an investigation" into the accident. *Id.* at ¶ 50. Longsworth alleges the investigation revealed that the accident was "caused by a mechanical failure attributable to Defendant, and that [he] was not at fault." *Id.* at ¶ 53. On July 14, 2025, Longsworth was cleared to return to work and a few days later he pursued worker's compensation benefits. *Id.* at ¶ 56.

On July 31, 2025, Longsworth was placed on suspension. *Id.* at ¶57. Citgo terminated Longsworth on October 7, 2025. *Id.* at ¶ 59. Longsworth alleges the "purported justification for termination was unlawful discrimination based on disability, exercise of FMLA rights, and exercise of workers' compensation rights, and/or because Defendant perceived [him] as a liability based on his disability." *Id.* at ¶ 61.

On December 3, 2025, the EEOC notified Longsworth of its decision not to pursue his charge. [1-2]. The EEOC also issued Longsworth notice of his right to sue within 90 days. [1-2]. Within 90 days, Longsworth initiated this lawsuit. [1]. His Amended Complaint asserts six claims against Citgo under the ADA, FMLA, and Illinois Worker's Compensation Act. [16] at ¶¶ 70-123. Citgo moves to dismiss the three counts brought under the ADA pursuant to Rule 12(b)(6), arguing Longsworth

failed to exhaust his administrative remedies. [18] [19]. For the reasons stated below, that motion is denied.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising*, LLC, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted); s*ee also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief.").

In considering whether the complaint demonstrates a plausible right to relief, the Court accepts well-pleaded facts in the complaint as true and construes the allegations in the complaint in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A dismissal for failure to state a claim is proper only "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## III. Analysis

Before initiating an employment action under the ADA, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC and receiving a right to sue letter. *Riley v. City of Kokomo,* 909 F.3d 182, 189 (7th Cir. 2018). After filing with the EEOC, a plaintiff can only include claims in his complaint in federal court

that were part of his EEOC charge. *See McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (citing *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)).

But an EEOC charge need not encompass each fact that a plaintiff later alleges in his complaint to meet the exhaustion requirement. *Cheek*, 31 F.3d at 500. Most complainants at the EEOC are laypersons who complete their charges without the assistance of a lawyer, so courts should read their charges generously. *See Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). As such, a plaintiff may sue on the claims that he makes out in his EEOC charge and those claims that are "like or reasonably related to the allegations of the charge." *Geldon v. South Milwaukee School Dist.,* 414 F.3d 817, 819 (7th Cir. 2005) (citations omitted).

Claims are "like or reasonably related" to the charge when "(1) 'there is a reasonable relationship between the allegations in the charge and the claims in the complaint' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations of the charge.'" *Chaidez v. Ford Motor Co.,* 937 F.3d 998, 1004 (7th Cir. 2019) (quoting *Cheek*, 31 F.3d at 500). At a minimum, the charge and complaint must "describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 501 (emphasis in original). "This standard is a liberal one." *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009). Drawing all reasonable inferences in favor of Longsworth, the Court finds he has exhausted his administrative remedies.

Longsworth brings three claims under the ADA for disability-based discrimination (Count I), disability-based harassment (Count II), and disability-based retaliation (Count III). [16] at ¶¶ 70-96. With respect to Count I, Longsworth alleges he was "treated less favorably than similarly situated employees," and was "terminated [ ] on the basis of [his] disabilities." *Id.* at ¶¶ 73, 74. With respect to Count II, Longsworth alleges Citgo "engaged in unlawful employment practices and harassed [him] on the basis of [his] disability." *Id.* at ¶ 80. Finally, in Count III, Longsworth alleges he "engaged in protected activity by requesting reasonable accommodations for his disability, utilizing the approved accommodations, and reporting instances of disability-based harassment and discrimination," and rather than "tak[ing] necessary precautions to prevent further recurrences of the discriminatory or harassing conduct," Citgo retaliated against Longsworth. *Id.* at ¶¶ 89, 91, 93.

The Court finds these claims are either specifically alleged in Longsworth's EEOC charge or are reasonably related to the charge allegations. Longsworth alleged in his EEOC charge that Citgo's "representatives improperly sought private medical information beyond what [was] permissible" while he was on medical leave, and that he was "harassed and isolated" after he returned from leave in February 2025. [1-1] at 3. Longsworth also alleged that "management disclos[ed] [his] medical restrictions to coworkers and treat[ed] [him] as a liability rather than accommodating [his] disability as required under the ADA." *Id.* Longsworth ultimately alleged "[t]he cumulative actions by Citgo Petroleum constitute[d] . . . retaliation for engaging in

protected activity under the FMLA and ADA, and ongoing interference with [his] rights under federal law." *Id.* Longsworth's ADA claims for harassment, discrimination, and retaliation are either directly alleged in his charge or are "like or reasonably related to the allegations of the charge." *See Farrell v. Butler University,* 421 F.3d 609, 616 (7th Cir. 2005) ("[Defendant] correctly points out that a Title VII plaintiff may not bring a claim in her lawsuit that she did not include in her EEOC charge[,] [h]owever this Court has adopted a liberal standard for reviewing the scope of an EEOC charge."); *see also Babrocky v. Jewel Food Co.,* 773 F.2d 857, 865–66 (7th Cir. 1985) (district court "erred by requiring an exact correspondence between the words of the EEOC charge and the judicial complaint").

"The primary purpose of the EEOC charge requirement is twofold: it gives the EEOC and the employer a chance to settle the dispute, and it gives the employer notice of the employee's grievances." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015). Longsworth's charge placed Citgo on notice of his allegations that he was "harassed and isolated" after returning from medical leave, that Citgo managers "disclos[ed] [his] medical restrictions to coworkers," that managers "treat[ed] [him] as a liability rather than accommodating [his] disability as required under the ADA," and that Citgo's overall conduct "constitute[d] . . . retaliation for engaging in protected activity under the FMLA and ADA." [1-1] at 3. Where Longsworth now brings claims for disability-based harassment, discrimination, and retaliation, the core purposes of exhaustion have been satisfied.

Citgo, in its motion to dismiss, argues that Longsworth's claims—particularly Count I and Count III—cannot possibly be related to his EEOC charge because he was suspended and later terminated after the EEOC charge was filed. [19] at 7-9. However, this reads Longsworth's complaint too narrowly. All three of Longsworth's ADA claims allege unlawful discrimination, harassment, and retaliation that predate his May 2025 EEOC charge. *See* [16] at ¶¶ 28, 29, 30, 31, 35, 36, 38, 39.

Additionally, the fact that Longsworth was suspended and eventually terminated a few months after he filed the charge does not necessarily mean that his allegations regarding his suspension and termination are unexhausted. When retaliation occurs after an individual has filed an EEOC charge of discrimination, the individual does not always need to file a second charge of discrimination to sue for that additional retaliation. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1030 (7th Cir. 2013) (noting that this rule avoids "futile procedural technicalities and endless loops of charge/retaliation/charge/retaliation, etc."); *see also Robb v. Bd. of Trs. of Cmty. Coll. Dist. No. 505 (Parkland Coll.) Ctys. of Champaign*, 2019 WL 1966090, at *5 (C.D. Ill. May 2, 2019) (acknowledging that *Luevano* applied to alleged retaliation for the filing of an EEOC charge itself, but applying its rationale to other allegations of retaliation and finding "a second filing for the continued retaliation would serve no purpose").

Construing Longsworth's EEOC charge liberally and drawing all reasonable inferences in his favor, the Court finds that he has sufficiently exhausted the ADA

claims raised in Counts I, II, and III of his Amended Complaint. As such, Citgo's partial motion to dismiss is denied.

## IV. Conclusion

For the stated reasons, Defendant's motion to dismiss [18] is denied.

E N T E R:

Dated: October 8, 2026

MARY M. ROWLAND
United States District Judge